UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY EUGENE BERRY,

                Plaintiff,

                - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-2972 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Anthony Eugene Berry filed this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits. On September 29, 2021, the Court granted Plaintiff's motion to remand the Commissioner's decision for further consideration. Plaintiff now moves, through his attorney Herbert S. Forsmith, for an award of attorney's fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,761.90. The Commissioner contends that Plaintiff's application for attorney's fees should be denied or reduced because special circumstances exist making the requested amount unjust and because the hours claimed by Plaintiff's counsel are excessive and unreasonable. For the reasons set forth below, the Court grants Plaintiff's motion for fees in part, and awards Plaintiff's counsel $2,340.00.

## BACKGROUND

Plaintiff commenced this action, proceeding *pro se*, on July 2, 2020. (*See* Dkt. 1.) The Commissioner filed a motion for judgment on the pleadings on December 7, 2020. (Dkt. 8.) Approximately four months later, after the Court had granted Plaintiff two extensions of time to file an opposition, Plaintiff's counsel filed a notice of appearance on April 13, 2021. (Dkt. 10.)

1

On May 22, 2021, Plaintiff, through counsel, filed a cross-motion for judgment on the pleadings. (Dkt. 12.) On September 29, 2021, the Court granted Plaintiff's motion to remand the Commissioner's decision for further consideration. (*See* Memorandum & Order ("M&O"), Dkt. 16.) Plaintiff filed a motion for attorney's fees on December 8, 2021 (Dkt. 18), and the Commissioner filed an opposition on December 12, 2021 (Dkt. 20).

## DISCUSSION

The EAJA provides that a court shall "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil litigation (other than cases sounding in tort) . . . ." 28 U.S.C. § 2412(d)(1)(A). In a case involving a successful challenge to a decision by the SSA, eligibility for an award of fees and other expenses requires (1) that the claimant be a "prevailing party," (2) that the Commissioner's position was not "substantially justified," and (3) that no "special circumstances make an award unjust." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); § 2412(d)(1)(B).

Here, the Commissioner neither disputes that Plaintiff is a prevailing party,[1] nor that the Commissioner's position was substantially justified.[2] (*See* Commissioner's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees ("Opp. Mem."), Dkt. 20.) Instead, the Commissioner argues that "special circumstances" exist justifying a denial or significant reduction of attorney's fees in this case. (*Id.*)

---

[1] A party who obtains a remand order is considered a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Soto v. Astrue*, No. 09-CV-3238 (FB), 2010 WL 2026269, at *1 (E.D.N.Y. May 20, 2010). The Court remanded the case for further administrative proceedings; as such, Plaintiff qualifies as a "prevailing party." (M&O, Dkt. 16.)

[2] "Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

2

I.  **Special Circumstances Exist Warranting a Reduction of Fees**

"The EAJA's special circumstances exception is a safety valve that gives the court discretion to deny awards where equitable considerations dictate an award should not be made." *Vincent v. Commissioner of Social Sec.*, 651 F.3d 299, 303 (2d Cir. 2011) (internal quotations omitted). District courts decide whether special circumstances exist on a case-by-case basis. *Id.* at 304; *see also United States v. 27.09 Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994) (holding that special circumstances existed where plaintiff played a marginal role in litigation involving multiple co-plaintiffs). Where fees are "expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just." *27.09 Acres of Land*, 43 F.3d at 775; *cf. Heath v. Astrue*, No. CV-07-1238 (FB), 2008 WL 4449656, at *2 (E.D.N.Y. Oct. 1, 2008) (applying *27.09 Acres of Land* and finding that plaintiff's counsel's efforts in litigation achieved appreciable advantage to plaintiff).

The Court agrees with the Commissioner that Plaintiff's counsel made no appreciable contribution to Plaintiff's claims and thus finds that special circumstances exist that warrant the reduction of attorney's fees sought by Plaintiff's counsel.

First, Plaintiff commenced this action for disability benefits *pro se*. (*See* Dkt. 1.) After the Commissioner filed a motion for judgment on the pleadings on December 7, 2020 (Dkt. 8), and the court *sua sponte* extended Plaintiff's deadline to respond (2/16/2021 Docket Order), Plaintiff, on consent of the Commissioner, sought a 60-day extension citing his efforts to retain counsel (Dkt. 9). The Court granted Plaintiff's request. (3/8/2021 Docket Order.) Counsel then filed a notice of appearance in April 2021—over nine months after Plaintiff commenced the case—and

3

obtained another extension before filing the cross-motion for judgment on the pleadings on May 22, 2021. (Dkt. 12.) Thus, counsel had no involvement in this case until after the Commissioner's brief had been filed and the Court had granted two extensions for Plaintiff to respond. Furthermore, Plaintiff's counsel's late arrival to the case did not appreciably advance Plaintiff's interest in a swift or expeditious resolution of his appeal.

Second, and as the Court previously observed in the M&O, the cross-motion was merely eight-pages long and contained only boilerplate legal arguments. (*See generally* Plaintiff's Memorandum in Support of Cross-Motion ("Pl. Mem."), Dkt. 12; M&O, Dkt. 16, at 2.) Counsel failed to cite to any record evidence, which required the Court to parse through the nearly 800-page record on its own in search of the evidence necessary for its legal analysis of Plaintiff's claims. (*See generally* Pl. Mem, Dkt. 12; M&O, Dkt. 16, at 2.) The cross-motion also provided a limited application of the law to Plaintiff's case, despite being a counseled brief. Given that counsel's sole contribution to Plaintiff's case was a factually unsupported and legally boilerplate cross-motion, counsel's retention provided Plaintiff with no "appreciable advantage" in this case. *See 27.09 Acres of Land*, 43 F.3d at 775. In fact, "[i]t is not clear to the Court that Plaintiff was better served by being represented in this case" at all. (M&O, Dkt. 16, at 2.)

## II. Hours Billed Are Excessive and Unreasonable

The district court has "broad discretion" in determining the amount of a fee award; such discretion "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review." *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *see also Jean*, 496 U.S. at 163 (applying *Hensley* and observing that a district court has "substantial discretion in fixing the amount of an EAJA award"). An award of attorney's fees may be calculated by the "number of hours reasonably expended on the litigation multiplied by a

4

reasonable hourly rate." *Hensley*, 461 U.S. at 429. The EAJA requires that the claimant submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses are computed." 28 U.S.C. § 2412(d)(1)(B). Hours that are "excessive, redundant, or otherwise unnecessary should be excluded" from the calculation of fees. *Id.* at 434; *Sarro v. Astrue*, 725 F. Supp. 2d 364, 367 (finding that billing plaintiff for 12 minutes for reading a one or two page court filing not reasonable). Indeed, in determining the number of hours reasonably spent, the district court fulfills its duty in "ensur[ing] that the final award is reasonable." *United States v. U.S. Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars*, 438 F. Supp. 2d 67, 75 (E.D.N.Y. 2006), *aff'd sub nom.*, 242 F. App'x 750 (2d Cir. 2007) (summary order).

Courts in the Second Circuit have found that standard social security cases generally require an expenditure of 20 to 40 hours of counsel's time. *See e.g., Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y 2014). Counsel claims to have worked almost 24 hours and 25 minutes on Plaintiff's case, including almost nine hours reviewing the administrative record and history of the proceedings, as well as five hours preparing the eight-page cross-motion. (*See* Forsmith Affirmation, Dkt. 18-3.) Notably, counsel claims to have spent seven hours and fifteen minutes reviewing the administrative transcript alone. (*See* Itemized Bill, Dkt. 18-5.) Considering that counsel did not once cite to the record in Plaintiff's cross-motion, the work done researching and reviewing the record—if it in fact took over seven hours—clearly provided no value to Plaintiff's case. Moreover, five hours is not a reasonable amount of time to draft an eight-page, boilerplate cross-motion.

Thus, this is a unique case where, although the hours billed in this case fall within the average range of hours expended on a common social security case, they do not reflect the quantity

5

and quality of the work performed by counsel. *See Astrue*, 725 F. Supp. 2d at 367 (nine hours of time spent reading and briefing simple notifications of short filings found unreasonable); *Rivera v. Astrue,* No. 07-CV-3129, 2009 WL 1351044, at *2 (E.D.N.Y. May 13, 2009) (finding 54 hours billed on simple issues excessive and awarding 35 hours-worth of fees instead); *cf. Rodriguez v. Comm'r of Soc. Sec.*, No. 20-CV-5284 (EK) (CLP), 2022 WL 2121486, at *3 (E.D.N.Y. Apr. 21, 2022), *report and recommendation adopted*, 2022 WL 2116679 (E.D.N.Y. June 13, 2022) (finding 29 hours spent on a routine matter reasonable). Accordingly, the Court reduces the number of hours for which counsel can be compensated from 25 hours and 25 minutes to 12 hours as the reasonable amount of time spent representing Plaintiff in this case. The court therefore awards attorney's fees in the amount of $2,340.00, representing 12 hours of work multiplied by counsel's hourly rate of $195.00.[3]

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's motion for fees in part and awards Plaintiff's counsel $2,340.00.

---

[3] Attorney time under the EAJA is compensable at the rate of $125.00 per hour, but the rate may be adjusted for the increase in the cost of living reflected in the average Consumer Price Index (CPI) for the year in which the work was performed. 5 U.S.C. § 504; 28 U.S.C. § 2412(d)(2)(a)*; Kerin v. United States Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000). Courts in the Eastern District of New York recently awarded fees at a rate higher than $195. *See, e.g.*, *Walker v. Comm'r of Social Sec.*, 20-CV-4426 (WFK), 2022 WL 4079576, at *1 (E.D.N.Y. Sept. 6, 2022) ($218.00 per hour); *Cruz v. Saul*, No. 21-CV-1191 (EK) (LB), 2022 WL 3084597, at *2 (E.D.N.Y. July 6, 2022), *report and recommendation adopted sub nom.*, 2022 WL 3083640 (E.D.N.Y. Aug. 3, 2022) (same). The Commissioner does not argue that Plaintiff's counsel's requested hourly rate of $195.00 is improper. The Court considered awarding fees for less than 12 hours of work but, considering that counsel sought an hourly rate less than the rates recently approved in this District, 12 hours at the rate of $195.00 is reasonable in light of the circumstances of this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2022
       Brooklyn, New York

7